IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. STACEY STEGGERT, | ) | CASE NO:  1:22-cv-1294 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| SHAKER HEIGHTS CITY SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, *et* | ) | |
| *al*., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**DEFENDANTS, SHAKER HEIGHTS CITY SCHOOL DISTRICT BOARD OF
EDUCATION, DAVID GLASNER, ERIC JULI, ELIZABETH KIMMEL, BARBARA
MACEYAK, AND JENNIFER CURRIE'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND
(Jury Demand Endorsed Hereon)**
_____

Defendants, Shaker Heights City School District Board of Education ("Board"), David

Glasner ("Mr. Glasner"), Eric Juli ("Mr. Juli"), Elizabeth Kimmel ("Ms. Kimmel"), Barbara

Maceyak ("Ms. Maceyak"), and Jennifer Currie ("Ms. Currie") (collectively, "School District

Defendants" or "Defendants"), by and through undersigned counsel, and for their Answer and

Affirmative Defenses to the First Amended Complaint (hereinafter, the "Complaint") of Plaintiff,

Dr. Stacey Steggert ("Plaintiff"), using the same paragraph numbering as the First Amended

Complaint, respectfully state as follows:

## INTRODUCTION

1.  In response to the allegations of Paragraph 1 of the Complaint, the School District

    Defendants state, while making no admissions, that Plaintiff's stated premises of the instant

    case speaks for itself. The School District Defendants affirmatively deny any factual or

legal assertion that they violated Title II and Title V of the Americans with Disabilities Act, 42 U.S.C. or Sections 12132 and 12203 and Chapter 4112 of the Ohio Revised Code. Defendants admit only that Plaintiff purports to bring claims against Defendants pursuant to Title II and Title V of the Americans with Disabilities Act, 42 U.S.C. Sections 12132 and 12203, and Chapter 4112 of the Ohio Revised Code. Defendants deny any remaining allegations – express or implied – contained in the introductory paragraph of the Complaint, deny that they committed any acts in violation of federal or state law, and further deny that Plaintiff is entitled to any of the relief sought in the Complaint.

2.  In response to the allegations of Paragraph 2 of the Complaint, the allegations of Paragraph 2 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. To the extent a response is required, the School District Defendants admit only that the Shaker Heights City Schools Board of Education is a school board responsible for governing a city school district and that it is organized under the requirements of, and subject to, the laws of the State of Ohio located in Cuyahoga County, Ohio. Defendants deny any allegation contained in Paragraph 2 of Plaintiff's Complaint that is not expressly admitted herein.

## FACTS AND PROCEDURAL BACKGROUND

3.  In response to the allegations of Paragraph 3 of the Complaint, the School District Defendants admit only that Plaintiff was a teacher at Shaker Heights High School for approximately seventeen (17) years and was co-chair of the Shaker Heights School District Special Education Department for approximately ten (10) years. Upon information and belief, Defendants further admit that Plaintiff has a Ph.D. in Urban Education Policy Studies, a Master's Degree in Special Education Curriculum and Instruction, a Master's

{04266871 -3}

2

Degree in Secondary Social Studies Instruction and Learning, a Bachelor's Degree in Anthropology, History and Philosophy of Science, an Ohio Master Teacher Certification, and licenses as an intervention specialist and as a teacher of social studies. Upon information and belief, Defendants admit only that Plaintiff has taught part-time at Cleveland State University, The Educational Service Center of Cuyahoga County, the Montgomery County Educational Service Center, Temple Emanu El the Cleveland Museum of Natural History, is a dissertation reader and graduate assistant at Cleveland State University, a panelist and consultant for the Ohio Department of Education, and Teacher/Ranger for the National Park Service. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint for want of knowledge. Defendants further deny any allegation contained in Paragraph 3 of Plaintiff's Complaint that is not expressly admitted herein.

4. In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Plaintiff had been co-chair of the Shaker Heights School District Special Education Department for ten approximately (10) years. Further, Defendants state, while making no admissions, that Plaintiff's performance reviews and personnel file are the best evidence of their contents. Defendants deny any allegation contained in Paragraph 4 of Plaintiff's Complaint that is not expressly admitted herein.

5. In response to the allegations of Paragraph 5 of the Complaint, the allegations of Paragraph 4 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. To the extent a response is required, the School District Defendants admit only that the Shaker Heights City Schools Board of Education is a school board responsible for governing a city school district and that it is organized under the

{04266871 -3}

3

requirements of, and subject to, the laws of the State of Ohio. Defendants deny any allegation contained in Paragraph 5 of Plaintiff's Complaint that is not expressly admitted herein.

6. The allegations of Paragraph 6 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. Further answering, Defendants admit only that Defendant Glasner was the interim principal at Shaker Heights High School and then Superintendent of the Shaker Heights City School District. Defendants deny any allegation contained in Paragraph 6 of Plaintiff's Complaint that is not expressly admitted herein.

7. The allegations of Paragraph 7 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. Further answering, Defendants admit only that Defendant Juli is the Principal of Shaker Heights High School. Defendants deny any allegation contained in Paragraph 7 of Plaintiff's Complaint that is not expressly admitted herein.

8. The allegations of Paragraph 8 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. Further answering, Defendants admit only that Defendant Kimmel was at all relevant times the Director of Exceptional Children at the Shaker Heights City School District. Defendants deny any allegation contained in Paragraph 8 of Plaintiff's Complaint that is not expressly admitted herein.

9. The allegations of Paragraph 9 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. Further answering, Defendants admit only that Defendant Maceyak was at all relevant times the Director of Human Resources at the Shaker Heights City School District. Defendants deny any allegation contained in Paragraph 9 of Plaintiff's Complaint that is not expressly admitted herein.

{04266871 -3}

10. The allegations of Paragraph 10 state legal conclusions and commentary and/or seek legal conclusions to which no response is required. Further answering, Defendants admit only that Defendant Currie was at all relevant times the Special Education Supervisor at Shaker High School. Defendants deny any allegation contained in Paragraph 10 of Plaintiff's Complaint that is not expressly admitted herein.

11. In response to the allegations of Paragraph 11 of the Complaint, the School District Defendants state that Paragraph 11 of the Complaint contains allegations which are legal contentions, characterizations, and/or conclusions, to which no response is required.

12. In response to the allegations of Paragraph 12 of the Complaint the School District Defendants state, while making no admissions, that the December 14, 2018 correspondence from Ohio Department of Education to the District is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.  Defendants deny any allegation contained in Paragraph 12 of Plaintiff's Complaint that is not expressly admitted herein.

13. In response to the allegations of Paragraph 13 of the Complaint the School District Defendants state, while making no admissions, that the December 14, 2018 correspondence from Ohio Department of Education to the District is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.  Defendants deny any

allegation contained in Paragraph 13 of Plaintiff's Complaint that is not expressly admitted herein.

14. In response to the allegations of Paragraph 14 of the Complaint the School District Defendants state, while making no admissions, that the December 14, 2018 correspondence from Ohio Department of Education to the District is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.  Defendants deny any allegation contained in Paragraph 14 of Plaintiff's Complaint that is not expressly admitted herein.

15. In response to the allegations of Paragraph 15 of the Complaint, upon information and belief, School District Defendant admit only that Plaintiff filed a grievance through the teachers' union in December 2017. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 15 of Plaintiff's Complaint that is not expressly admitted herein.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint that staffing was inadequate. Further answering, Defendants state, while making no admissions, that the September 21, 2018 Complaint filed by Plaintiff with the Ohio Department of Education is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.  Defendants deny any allegation contained in Paragraph 18 of Plaintiff's Complaint that is not expressly admitted herein.

19. In response to the allegations of Paragraph 19 of the Complaint School District Defendant admit only that Dr. Glasner and Plaintiff met on or about November 7, 2018. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 19 of Plaintiff's Complaint that is not expressly admitted herein.

20. In response to the allegations of Paragraph 20 of the Complaint, Defendants state, while making no admissions, that the November 23, 2018 Complaint filed by Plaintiff with the Ohio Department of Education is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 20 of Plaintiff's Complaint that is not expressly admitted herein.

21. In response to the allegations of Paragraph 21 of the Complaint, Defendants state, while making no admissions, that the Ohio Department of Education's December 14, 2018 correspondence is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 21 of Plaintiff's Complaint that is not expressly admitted herein.

22. In response to the allegations of Paragraph 22 of the Complaint, Defendants state, while making no admissions, that the Ohio Department of Education's January 17, 2019 correspondence is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 22 of Plaintiff's Complaint that is not expressly admitted herein.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. In response to the allegations of Paragraph 27 of the Complaint the School District Defendants admit only that Plaintiff put the wrong meeting date on a Prior Written Notice ("PRN") form.  Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.  Defendants

{04266871 -3}

8

deny any allegation contained in Paragraph 27 of Plaintiff's Complaint that is not expressly admitted herein.

28. In response to the allegations of Paragraph 28 of the Complaint Defendants state, while making no admissions, that the June 4, 2020 Memorandum to Plaintiff from Joseph Hernan, Assistant Principal of the Shaker Heights City School District, is the best evidence of its contents. Further answering, Defendants admit that Plaintiff was investigated for fraud and falsifying a PRN form. Further answering, Defendants admit that Plaintiff was removed from the position of chairperson of the Special Education Department. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 28 of Plaintiff's Complaint that is not expressly admitted herein.

29. In response to the allegations of Paragraph 29 of the Complaint Defendants admit only that Plaintiff filed a grievance challenging the administration's disciplinary actions. Further answering, Defendants state, while making no admissions, that the June 4, 2020 Memorandum to Plaintiff from Joseph Hernan, Assistant Principal of the Shaker Heights City School District, is the best evidence of its contents. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants. Defendants deny any allegation contained in Paragraph 29 of Plaintiff's Complaint that is not expressly admitted herein.

30. In response to the allegations of Paragraph 30 of the Complaint Defendants admit only that in the course of the grievance process, it became known that Plaintiff looked up on the school's computer system other unrelated documents submitted by other teachers for other students. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 30, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

31. In response to the allegations of Paragraph 31 of the Complaint Defendants admit only that Plaintiff was informed of the investigation in approximately May 2021. Further answering the School District Defendants deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.  Defendants deny any allegation contained in Paragraph 31 of Plaintiff's Complaint that is not expressly admitted herein.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. In response to the allegations of Paragraph 34 of the Complaint Defendants admit only that Plaintiff reported certain conduct of Tito Vazquez to the District's administration on or about May 6, 2021. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 34, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint for want of knowledge.

36. In response to the allegations of Paragraph 36 of the Complaint Defendants state, while making no admissions, that the May 26, 2021 letter from Ms. Maceyak to Plaintiff is the best evidence of its contents. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 36, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

37. In response to the allegations of Paragraph 37 of the Complaint Defendants admit only that on or about June 1, 2021 Plaintiff was informed of a pending transfer effective August 2021. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 37, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

38. In response to the allegations of Paragraph 38 of the Complaint Defendants admit only that on or about June 7, 2021, Plaintiff filed a complaint with the Shaker Heights City School District Human Resources Department. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 38, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

39. In response to the allegations of Paragraph 39 of the Complaint Defendants admit only that on or about June 8, 2021, Plaintiff filed a union grievance. Further answering, Defendants state, while making no admissions, that the Grievance Report Form dated June 8, 2021 submitted to the Shaker Heights City School District is the best evidence of its contents.

The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 39, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

40. In response to the allegations of Paragraph 40 of the Complaint Defendants admit only that in August 2021 Plaintiff was not transferred to a social studies teaching job. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 40, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

41. In response to the allegations of Paragraph 41 of the Complaint Defendants admit only that Plaintiff was not the Collaborative Planning Time or Common Planning Time ("CPT") leader for the 2021-2022 school year. Further answering, the School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 41, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

42. In response to the allegations of Paragraph 42 of the Complaint, Defendants state, while making no admissions, that the Special Education Complaint filed with the Ohio Department of Education on or about September 10, 2021 is the best evidence of its contents. Further answering, the School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 42, deny that they committed any

acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

43. In response to the allegations of Paragraph 43 of the Complaint, Defendants state, while making no admissions, that the Special Education Complaint filed with the Ohio Department of Education on or about September 28, 2021 is the best evidence of its contents. Further answering, the School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 43, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

44. In response to the allegations of Paragraph 44 of the Complaint, Defendants state, while making no admissions, that the Grievance Report Form dated September 30, 2021 submitted to the Shaker Heights City School District, is the best evidence of its contents The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 44, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

45. In response to the allegations of Paragraph 45 of the Complaint, Defendants state, while making no admissions that the Discrimination Complaint Form dated October 5, 2021 is the best evidence of its contents.  The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 45, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

46. In response to the allegations of Paragraph 46 of the Complaint, Defendants state, while making no admissions, that the October 26, 2021 correspondence from the Ohio Department of Education to Superintendent David Glasner is the best evidence of its contents. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 46, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

47. In response to the allegations of Paragraph 47 of the Complaint Defendants admit only that on or about May 16, 2022 Plaintiff was notified by the administration that Plaintiff was not hired for a 2022-2023 social studies teaching position. Further answering, Defendants admit only on or about May 20, 2022 Plaintiff was notified by the administration that Plaintiff was not hired for a second, social studies teaching position for 2022-2023. Further answering, the School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 47, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. In response to the allegations of Paragraph 51 of the Complaint, Defendants admit only that Plaintiff has submitted various documentation to the Board and other entities pertaining to the District and/or Plaintiff's employment with the Board. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 51,

{04266871 -3}

deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. In response to the allegations of Paragraph 53 of the Complaint, including, specifically, sub-parts (A) through (N), Defendants state that Paragraph 53 of the Complaint contains legal conclusions and commentary and/or seek legal conclusions to which no response is required. Further answering, Defendants admit only that on June 28, 2022 Plaintiff filed a lawsuit against Defendants in the Cuyahoga Court of Common Pleas (Case No. 22-CV-963983).To the extent any response is required, Defendants deny the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint. The School District Defendants further deny that they committed any acts in violation of state or federal law and that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

54. In response to the allegations of Paragraph 54 of the Complaint, including, specifically, sub-parts (A) through (P), Defendants state that Paragraph 54 of the Complaint contains legal conclusions and commentary and/or seek legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint. The School District Defendants deny any remaining allegations, express or implied, contained in Paragraph 54, deny that they committed any acts in violation of state or federal law, and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint from the School District Defendants.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. In response to the allegations contained in Paragraph 56 of the Complaint, Defendants admit only that on June 28, 2022 Plaintiff filed a lawsuit against Defendants in the Cuyahoga Court of Common Pleas (Case No. 22-CV-963983).

57. In response to the allegations contained in Paragraph 57 of the Complaint, Defendants admit only that July 21, 2022 Defendants removed the lawsuit Plaintiff filed a lawsuit against Defendants in the Cuyahoga Court of Common Pleas (Case No. 22-CV-963983) to this Court. Further answering, the School District Defendants state that the Court's docket in this case is the best evidence of their contents.

58. In response to the allegations of Paragraph 58 of the Complaint, the School District Defendants state that this Court's Case Management Order is the best evidence of its contents.

## COUNT I
## (VIOLATIONS OF AMERICANS WITH DISABILITIES ACT)

59. In response to the allegations of Paragraph 59 of the Complaint, the School District Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

## COUNT II
## (VIOLATIONS OF O.R.C. 4112 – RETALIATION)

62. In response to the allegations of Paragraph 62 of the Complaint, the School District Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

{04266871 -3}

63. In response to the allegations of Paragraph 63 of the Complaint, Defendants state that Paragraph 63 of the Complaint contains legal conclusions and commentary and/or seek legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

**COUNT III**
**(VIOLATIONS OF O.R.C. 4112 - AIDING AND ABETTING)**

67. In response to the allegations of Paragraph 67 of the Complaint, the School District Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

**COUNT IV**
**(VIOLATIONS OF O.R.C. 4112 - RETALIATION**
**FOR PARTICIPATING IN A PROCEEDING)**

70. In response to the allegations of Paragraph 70 of the Complaint, the School District Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

{04266871 -3}

## COUNT V
## (VIOLATIONS OF O.R.C. 4112 - HOSTILE WORK ENVIRONMENT)

73. In response to the allegations of Paragraph 73 of the Complaint, the School District Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

## COUNT VI
## VIOLATIONS OF O.R.C. 4112-GENDER ORIENTATION DISCRIMINATION

76. In response to the allegations of Paragraph 76 of the Complaint, the School District Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny any remaining allegations, express or implied, contained in Plaintiff's Wherefore Clause and further deny that Plaintiff is entitled to any of the relief they seek in their Complaint and Wherefore Clause.

80. The School District Defendants deny each and every allegation, paragraph, subpart, or Count not expressly admitted herein to be true, and further deny that Plaintiff is entitled to any of the relief requested from School District Defendants in their First Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim upon which relief can be granted as to all and/or some of Plaintiff's claims as to the School District Defendants.

2. Plaintiff's claims are barred as Plaintiff did not engage in constitutionally protected conduct.

3. Plaintiff's claims are barred as no adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in the conduct at issue.

4. Plaintiff's claims are barred as any adverse action, if any, was not motivated by the Plaintiff's conduct.

5. Plaintiff's claims are barred as no state actor intentionally discriminated against Plaintiff.

6. Plaintiff's claims are barred as no fundamental right was burdened.

7. Plaintiff is precluded from recovery to the extent her/their own negligence, intentional conduct, misdeeds, non-misdeeds, actions and/or inactions caused any or all of the alleged injuries or damages in their Complaint, and they are estopped from recovering any damages from the School District Defendants.

8. The School District Defendants are completely and/or partially immune from liability pursuant to Ohio Revised Code Chapter 2744, *et seq.*, 20 U.S.C. §§ 6734, *et seq.* and/or common law.

9. The School District Defendants are entitled to the protections of qualified or sovereign immunity and Plaintiff can obtain no relief from them on this basis.

10. Plaintiff is not entitled to relief on the basis of the doctrine of unclean hands.

11. Plaintiff's claims are barred as against public policy.

12. Plaintiff's damages, if any, were caused by Plaintiff's own actions and/or inactions.

13. Plaintiff is estopped by her/their own acts and/or omissions from seeking the relief they claims they are owed.

14. Plaintiff failed, in whole or in part, to mitigate her/their damages, if any.

{04266871 -3}

19

15. The School District Defendants acted at all times in good faith in attempting to investigate reported misconduct, in taking steps to address and remedy same, and in attempting to prevent further misconduct.

16. The School District Defendants had reasonable grounds at all times to believe that their actions and decisions with respect to Plaintiff complied with state and federal law.

17. All actions taken and decisions made by the School District Defendants with respect to Plaintiff were made in good faith within the scope of employment and/or official duties.

18. The School District Defendants had reasonable grounds at all times to believe that their actions and decisions with respect to Plaintiff complied with state and federal law.

19. Plaintiff has not properly alleged or demonstrated the inadequacy of the state remedies available to her/them.

20. Plaintiff has failed to specifically state any items of special damage alleged in their Complaint.

21. The School District Defendants' conduct towards Plaintiff was not malicious, intentional, willful or in reckless disregard of her/their rights.

22. The School District Defendants' actions and decisions with respect to Plaintiff were at all times made in good faith and were based upon legitimate reasons.

23. To the extent that Plaintiff seeks punitive damages against the School District Defendants, the School District Defendants are immune from any claim for punitive damages under provisions of federal and state law including, but not limited to, 20 U.S.C. § 6736(c) and R.C. § 2744.05.

24. To the extent that Plaintiff seeks punitive damages against the School District Defendants, unless the School District Defendants' liability for punitive damages and the appropriate

amount of punitive damages required to be established by clear and convincing evidence, any award of punitive damages would violate the School District Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Ohio Constitution and would be improper under the common law and public policies of Ohio.

25. The School District Defendants' actions and decisions with respect to Plaintiff were at all times made in good faith and were based upon legitimate reasons and, therefore, Plaintiff's claim for punitive and/or exemplary damages must be dismissed.

26. To the extent that Plaintiff seeks punitive and non-economic damages, Plaintiff's claims are capped pursuant, but not limited to, R.C. § 2315.18 and R.C. § 2315.21, as well as federal law.

27. Plaintiff's claims for punitive damages cannot be maintained unless the trial is bifurcated.

28. Plaintiff's demand for exemplary and/or punitive damages is barred by Ohio public policy, statutory and common law.

29. Plaintiff is not entitled to recover her/their attorneys' fees and costs as requested in the Complaint.

30. To the extent Plaintiff seeks equitable relief, the request is barred because she/they have adequate remedies at law and/or have unclean hands.

31. The School District Defendants reserve the right to assert such other defenses in the course of discovery in this matter.

WHEREFORE, having fully answered the First Amended Complaint, the School District Defendant pray as follows:

A.     That the First Amended Complaint be dismissed *with prejudice*;

B.      That the Court enter judgment in favor of School District Defendants on all counts pled against School District Defendants;

C.      That School District Defendants be permitted to recover their costs, fees, expenses, attorney fees, and any other relief that is just and appropriate; and

D.      That the School District Defendants be awarded any and all relief that is just and equitable.

## **JURY DEMAND**

A trial by jury of the maximum number of jurors allowed by law is hereby demanded.

Respectfully submitted,

/s/ *Sara Ravas Cooper*
Mark S. Fusco (Reg. No. 0040604)
    Email: mfusco@walterhav.com
    Direct Dial: 216-619-7839
Sara Ravas Cooper (Reg. No. 0076543)
    Email: scooper@walterhav.com
    Direct Dial: 216-928-2898
Alexandra C. Eckrich (Reg. No. 0099133)
    Email: aeckrich@walterhav.com
    Direct Dial: 216-658-6234
WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 E. Ninth Street, Suite 3500
Cleveland, Ohio 44114-1821
Phone: (216) 781-1212
Fax: (216) 575-0911

*One of the Attorneys for Defendants, Shaker Heights City School District Board of Education, David Glasner, Eric Juli,, Elizabeth Kimmel, Barbara Maceyak, and Jennifer Currie*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Sara Ravas Cooper*

*One of the Attorneys for Defendants, Shaker Heights City School District Board of Education, David Glasner, Eric Juli,, Elizabeth Kimmel, Barbara Maceyak, and Jennifer Currie*

{04266871 -3}

23